IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL TODD MAYER,<br><br>      Plaintiff,<br><br>  vs.<br><br>BRANDEN STOURAL, Uehling Neb Police;<br><br>      Defendant. | **8:25CV393**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Michael Todd Mayer's complaint filed on June 12, 2025. Filing No. 1. Plaintiff is pro se and has been granted leave to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs

must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

Plaintiff sues Branden Stoural, the Uehling Nebraska Chief of Police. Plaintiff alleges the defendant has refused to respond to complaints about violence, drug use, and vandalism. Plaintiff states Stoural called him "mental" and "even got violent with me when I got upset," but he provides no facts to explain that statement. Plaintiff alleges that due to Stoural's lack of response,

2

he experienced pain and suffering, is about to have a heart attack, and his federal disability has gotten worse.

Plaintiff asserts a right to recover for Stoural's refusal to investigate Plaintiff's complaints and protect him. Law enforcement has an affirmative obligation to protect those who are confined by the government against their will, and those in a dangerous circumstance created by law enforcement. *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005). With these exceptions, the Due Process Clause confers no affirmative right to governmental aid, even when necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). The Due Process Clause does not require the police to provide citizens with protective services, and the police cannot be held liable under the Due Process Clause for injuries that could have been averted had it chosen to provide protection. *DeShaney*, 489 U.S. at 196–97. The failure of police "to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id*.

Here, Plaintiff alleges Stoural did not respond to his requests for help. Plaintiff has not alleged that he was treated differently than similarly situated people, and he has no due process right to having the police investigate his complaints of vandalism, drug use, and violence. Plaintiff has failed to state a claim that Stoural violated his constitutional rights by refusing to respond to his complaints.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). Plaintiff's complaint fails to state a claim under federal law for which relief may be granted. The case must be dismissed.

Accordingly,

IT IS ORDERED:

1.   This matter is dismissed without prejudice.

2.   A separate judgment will be entered.

Dated this 6th day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

4